**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

# 13 CV 8033

---

LEIGHTON TECHNOLOGIES LLC

        Plaintiff,

    -against-

ASK, S.A.,
ASK-INTTAG LLC, and
WS PACKAGING GROUP, INC.

        Defendants.

---

Civil Action No.:_____

**COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

ECF Case



      Plaintiff Leighton Technologies LLC ("Leighton Technologies"), as and for its complaint against defendants ASK, S.A. ("ASK-France"), ASK-INTTAG LLC ("ASK-intTag"), and WS PACKAGING GROUP, INC. ("WSPG") (collectively "Defendants"), hereby alleges as follows:

## NATURE OF THE ACTION

    1.    This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by Defendants of one or more claims of U.S. Patent No. 5,817,207, U.S. Patent No. 6,036,099, U.S. Patent No. 6,214,155, U.S. Patent No. 6,514,367, U.S. Patent No. 6,557,766, and U.S. Patent No. RE40,145 (collectively "the Patents-In-Suit").

## PARTIES

    2.    Plaintiff Leighton Technologies is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 75 Montebello Road, Suffern, New York 10901.

    3.    Upon information and belief, defendant ASK-France is a company organized and existing under the laws of France, having its principal place of business at 2405 route des

Dolines, 06560 SOPHIA-ANTIPOLIS, France.

4.     Upon information and belief, defendant WSPG is a corporation organized and existing under the laws of the State of Wisconsin, having its principal place of business at 2571 S. Hemlock Road, Green Bay, Wisconsin 54229.

5.     Upon information and belief, defendant ASK-intTag is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 1000 River Road, Bldg 966 Dock, Essex Junction, Vermont 05452.

6.     Upon information and belief, defendant ASK-intTag is a joint venture between ASK-France and WSPG.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.     This Court has personal jurisdiction over Defendants pursuant to N.Y. C.P.L.R. §§ 301 and 302(a)(1)-(3).  Upon information and belief, this Court has general jurisdiction over the Defendants based on their continuous and systematic conduct within New York, including, *inter alia,* Defendants' continuous contacts with, and sales to, customers in New York, facilities in New York, certification of products with a payment processor in New York, and importation of products via New York ports.  Upon information and belief, Defendants are also subject to specific jurisdiction of this Court because, *inter alia*, the Defendants have committed acts of patent infringement alleged in this Complaint within the state of New York and elsewhere, causing injury within the state.  In addition, or in the alternative, this Court has jurisdiction over ASK-France pursuant to Fed. R. Civ. P. 4(k)(2).

9.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and

1400(b) because, *inter alia*, the Plaintiff's principal place of business is located in this judicial district, the Patents-In-Suit are assigned to the Plaintiff, and defendant ASK-France, one of the participants in defendant joint venture ASK-intTag, is a foreign entity.

## SINGLE ACTION

10.    This suit is commenced against ASK-France, ASK-intTag, and WSPG pursuant to 35 U.S.C. § 299 in a single action because, *inter alia*, on information and belief, defendants ASK-France and WSPG, through defendant joint venture ASK-intTag, jointly make, use, offer for sale, and/or sell in the United States, and/or import into the United States products made in accordance with the Patents-In-Suit.

11.    Accordingly, the claims of this complaint arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process, and questions of fact common to all Defendants will arise in the action pursuant to 35 U.S.C. § 299.

## PATENTS-IN-SUIT

12.    On October 6, 1998, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 5,817,207 ("the '207 patent"), entitled "Radio Frequency Identification Card And Hot Lamination Process For The Manufacture Of Radio Frequency Identification Cards," based upon an application filed by the inventor, Keith R. Leighton.  A true and correct copy of the '207 patent is attached hereto as Exhibit A.

13.    On March 14, 2000, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,036,099 ("the '099 patent"), entitled "Hot Lamination Process For The Manufacture Of A Combination Contact/Contactless Smart Card And Product

3

Resulting Therefrom," based upon an application filed by the inventor, Keith R. Leighton. A true and correct copy of the '099 patent is attached hereto as Exhibit B.

14.     On April 10, 2001, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,214,155 ("the '155 patent"), entitled "Radio Frequency Identification Card And Hot Lamination Process For The Manufacture Of Radio Frequency Identification Cards," based upon an application filed by the inventor, Keith R. Leighton. A true and correct copy of the '155 patent is attached hereto as Exhibit C.

15.     On February 4, 2003, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,514,367 ("the '367 patent"), entitled "Hot Lamination Process For The Manufacture Of A Combination Contact/Contactless Smart Cart," based upon an application filed by the inventor, Keith R. Leighton. A true and correct copy of the '367 patent is attached hereto as Exhibit D.

16.     On May 6, 2003, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,557,766 ("the '766 patent"), entitled "Hot Lamination Method For A Hybrid Radio Frequency Optical Memory Card Converting Sheets Into A Web Process," based upon an application filed by the inventor, Keith R. Leighton. A true and correct copy of the '766 patent is attached hereto as Exhibit E.

17.     On March 11, 2008, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. RE40,145 ("the '145 patent"), entitled "Ultra-Thin Flexible Durable Radio Frequency Identification Devices And Hot Or Cold Lamination Process For The Manufacture Of Ultra-Thin Flexible Durable Radio Frequency Identification Devices," as a reissue of U.S. Patent No. 6,441,736, based upon an application filed by the inventor, Keith R. Leighton. A true and correct copy of the '145 patent is attached hereto as Exhibit F.

4

18.     The Patents-In-Suit generally relate to Radio Frequency Identification ("RFID") technology and smart cards, and processes for manufacturing thereof.

19.     Leighton Technologies is the owner by assignment of the Patents-in-Suit, and has the right to sue and recover damages for infringement thereof.

## NOTICE

20.     By correspondence, including letters dated January 4, 2013, April 17, 2013, June 14, 2013, and July 18, 2013, non-party General Patent Corporation ("GPC"), in its role as the managing member of Leighton Technologies, notified Defendants of the existence of the Patents-In-Suit and Defendants' infringement thereof.

21.     GPC's January 4, 2013 letter was addressed to ASK-France, with a copy mailed to ASK-intTag, a joint venture of ASK-France and WSPG, in which defendant WSPG is an active participant.

22.     Accordingly, upon information and belief, Defendants ASK-France, ASK-intTag, and WSPG have all received notice of the Patents-In-Suit, and of Defendants' infringement thereof.

## FACTUAL ALLEGATIONS

23.     As referred to in this Complaint, and consistent with 35 U.S.C. § 100 (c), the "United States" means "the United States of America, its territories and possessions."

24.     Upon information and belief, ASK-France manufactures and sells RFID and smart card products made in accordance with the Patents-In-Suit, including, but not limited to smart cards identified as the MIFARE Classic 1K, MIFARE Classic 4K, MIFARE 1K, MIFARE 4K, MIFARE Plus, CMC 512B, MIFARE DESFire, MIFARE DESFire EV1, CALYPSO CT4000 series (including CT4002, CTC4002, CT4004, CTC4004, CT4008,

CTC4008, CT4018, CTC4018), CALYPSO CD21 series (including CD21-2K, CDC21-2K, CD21-8K, CDC21-8K, CD21-3), CALYPSO CD97 series, CALYPSO CD97BX series, CALYPSO GTML series, CALYPSO GTML2 series, CALYPSO CT2000 series, TanGO for CALYPSO, TanGO Universal Transaction, TanGO4EMV, TwinSet, and UG2; and C.labels offered in plastic card format.

25.     Upon information and belief, ASK-France makes, uses, offers to sell, and/or sells its RFID and smart card products in the United States, and/or imports its RFID and smart card products into the United States.

26.     Upon information and belief, ASK-France actively and knowingly directs, causes, induces and encourages others to make, use, sell, and/or offer to sell in the United States, and/or import into the United States RFID and smart card products made in accordance with the Patents-In-Suit by, *inter alia*, providing inlay and lamination components (including the CoreLam materials), technical supervision and guidance, manufacturing facilities, and guideline documents to resellers, integrators, Original Equipment Manufacturers ("OEMs"), and/or customers.

27.     Upon information and belief, ASK-France actively and knowingly makes, uses, offers to sell, and/or sells within the United States and/or imports into the United States, to resellers, integrators, OEMs, and/or customers, components of RFID and smart card products made in accordance with the claims of the Patents-In-Suit, and/or materials and/or apparatus for use in manufacturing RFID and smart card products in accordance one or more claims of the Patents-In-Suit, constituting a material part of the claims of the Patents-In-Suit, knowing the components, materials, and/or apparatus to be especially made and/or especially adapted for use in an infringement of the claims of the Patents-In-Suit, and not a staple article or

commodity of commerce suitable for substantial noninfringing use.

28.     Upon information and belief, defendants ASK-France and WSPG, through their U.S.-based defendant joint venture ASK-intTag, manufacture, import, offer to sell and/or sell RFID and smart card products made in accordance with the Patents-In-Suit, including, but not limited to, smart cards identified above and other RFID and smart card products.

29.     Upon information and belief, defendants ASK-France and WSPG, through U.S.-based defendant joint venture ASK-intTag, make, use, import, offer to sell, and/or sell their RFID and smart card products in the United States, and/or import their RFID and smart card products into the United States.

30.     Upon information and belief, defendants ASK-France and WSPG, through United States based defendant joint venture ASK-intTag, actively and knowingly induce, direct, cause, and encourage others to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, RFID and smart card products made in accordance with the Patents-In-Suit by, *inter alia*, providing inlay and lamination components, technical supervision and guidance, manufacturing facilities, and guideline documents to Defendants' resellers, integrators, OEMs, and/or customers.

31.     Upon information and belief, defendants ASK-France and WSPG, through United States based defendant joint venture ASK-intTag, actively and knowingly make, use, offer to sell, and/or sell within the United States, and/or import into the United States, to resellers, integrators, OEMs, and/or customers, components of RFID and smart card products made in accordance with the claims of the Patents-In-Suit, and/or materials and/or apparatus for use in manufacturing RFID and smart card products in accordance with one or more claims of the Patents-In-Suit, constituting a material part of the claims of the Patents-In-Suit, knowing the

components, materials, and/or apparatus to be especially made and/or especially adapted for use in an infringement of the claims of the Patents-In-Suit, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

## COUNT I:  INFRINGEMENT OF THE PATENTS-IN-SUIT BY ASK-FRANCE

32.   Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

33.   Upon information and belief, ASK-France has infringed one or more claims of the Patents-In-Suit pursuant to 35 U.S.C. § 271 (a) and/or (g) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States RFID and smart card products made in accordance with the claims of the Patents-In-Suit.  Upon information and belief, ASK-France's infringement pursuant to 35 U.S.C. § 271 (a) and/or (g) is ongoing.

34.   Upon information and belief, ASK-France has induced infringement of one or more claims of the Patents-In-Suit pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging resellers, integrators, OEMs, and/or customers to make, use, offer to sell, and/or sell in the United States, and/or import into the United States RFID and smart card products made in accordance with the claims of the Patents-In-Suit. Upon information and belief, ASK-France's inducement of infringement pursuant to 35 U.S.C. § 271 (b) is ongoing.

35.   Upon information and belief, ASK-France has contributed to infringement of one or more claims of the Patents-In-Suit pursuant to 35 U.S.C. § 271 (c), by actively and knowingly offering to sell, and/or selling within the United States, and/or importing into the United States, to resellers, integrators, OEMs, and/or customers, components of RFID and smart card products made in accordance with the claims of the Patents-In-Suit, and/or materials and/or apparatus for use in practicing one or more claims of the Patents-In-Suit, constituting a

material part of the claims of the Patents-In-Suit, knowing the components, materials, and/or apparatus to be especially made and/or especially adapted for use in an infringement of the claims of the Patents-In-Suit, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Upon information and belief, ASK-France's contributory infringement pursuant to 35 U.S.C. § 271 (c) is ongoing.

36.   Upon information and belief, ASK-France has committed the foregoing infringing activities without license from Leighton Technologies and with notice of the Patents-In-Suit.

37.   Upon information and belief, ASK-France knew the Patents-In-Suit existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the Patents-In-Suit. Leighton Technologies' damages should be trebled pursuant to 35 U.S.C. § 284 because of ASK-France's willful infringement of the Patents-In-Suit.

38.   Upon information and belief, the acts of infringement by ASK-France have been with the knowledge of the Patents-In-Suit and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Leighton Technologies to its reasonable attorney's fees and litigation expenses.

**COUNT II:  INFRINGEMENT OF THE PATENTS-IN-SUIT BY ASK-FRANCE, ASK-INTTAG, AND WSPG**

39.   Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

40.   Upon information and belief, Defendants have infringed one or more claims of the Patents-In-Suit pursuant to 35 U.S.C. § 271 (a) and/or (g) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States RFID and smart card products made in accordance with the claims of the Patents-In-Suit. Upon information and belief, Defendants' infringement pursuant to 35 U.S.C. § 271 (a) and/or (g) is ongoing.

41.     Upon information and belief, Defendants have induced infringement of one or more claims of the Patents-In-Suit pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging resellers, integrators, OEMs, and/or customers to make, use, offer to sell, and/or sell in the United States, and/or import into the United States RFID and smart card products made in accordance with the claims of the Patents-In-Suit. Upon information and belief, Defendants' inducement of infringement pursuant to 35 U.S.C. § 271 (b) is ongoing.

42.     Upon information and belief, Defendants have contributed to infringement of one or more claims of the Patents-In-Suit pursuant to 35 U.S.C. § 271 (c), by actively and knowingly offering to sell, and/or selling within the United States, and/or importing into the United States, to resellers, integrators, OEMs, and/or customers, components of RFID and smart card products made in accordance with the claims of the Patents-In-Suit, and/or materials and/or apparatus for use in practicing one or more claims of the Patents-In-Suit, constituting a material part of the claims of the Patents-In-Suit, knowing the components, materials, and/or apparatus to be especially made and/or especially adapted for use in an infringement of the claims of the Patents-In-Suit, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Upon information and belief, Defendants' contributory infringement pursuant to 35 U.S.C. § 271 (c) is ongoing.

43.     Defendants have committed the foregoing infringing activities without license from Leighton Technologies and with notice of the Patents-In-Suit.

44.     Defendants knew the Patents-In-Suit existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the Patents-In-Suit.

Leighton Technologies' damages should be trebled pursuant to 35 U.S.C. § 284 because of Defendants' willful infringement of the Patents-In-Suit.

45.     Upon information and belief, the acts of infringement by Defendants have been with the knowledge of the Patents-In-Suit and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285, and entitling Leighton Technologies to its reasonable attorney's fees and litigation expenses.

## PRAYER FOR RELIEF

WHEREFORE, Leighton Technologies prays for the judgment in its favor against the Defendants granting Plaintiff the following relief:

A.     Entry of judgment in favor of Leighton Technologies against the Defendants on all counts;

B.     Entry of judgment that the Defendants have infringed the Patents-In-Suit;

C.     Entry of judgment that Defendants' infringement of the Patents-In-Suit has been willful;

D.     Award of damages adequate to compensate Leighton Technologies for Defendants' infringement of the Patents-In-Suit, in no event less than a reasonable royalty trebled as provided by 35 U.S.C. § 284;

E.     Leighton Technologies' reasonable fees for expert witnesses and attorneys, as provided by 35 U.S.C. § 285;

F.     Leighton Technologies' costs;

G.     Pre-judgment and post-judgment interest on Leighton Technologies' award; and

H.     All such other and further relief as the Court deems just or equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by jury in this action of all claims so triable.

Dated:     November 12, 2013                    Respectfully submitted,

                                                KHEYFITS & MALONEY LLP

                                                By: _____
                                                    Dmitriy Kheyfits
                                                    dkheyfits@kheyfitsmaloney.com
                                                    Michael James Maloney
                                                    mmaloney@kheyfitsmaloney.com
                                                1140 Avenue of the Americas
                                                9th Floor
                                                New York, New York  10036
                                                Tel. (212) 203-5399
                                                Fax. (212) 203-6445

                                                *Attorneys for Plaintiff Leighton Technologies*
                                                *LLC.*

12